UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ESTEBAN PEREZ, FELIPE GALINDO, and      17-CV-7837
DELFINO LOPEZ,
                  Plaintiffs,      **PLAINTIFFS' PRE TRIAL ORDER**

       -against-

50 FOOD CORP. (D/B/A SILO CAFÉ) and
ANDREW SUNG (AKA HWAN SEUNG SUNG),
                 Defendants.
------------------------------------------------------------------x

The Plaintiffs in the above-captioned matter hereby submit this Final Pre-Trial Order pursuant to Fed. R. Civ. P. 16 and 26(a)(3) and the individual practice rules of The Honorable Richard J. Sullivan:

## I. PLAINTIFFS' COUNSEL

CATHOLIC MIGRATION SERVICES
Magdalena Barbosa
Alice Davis
47-01 Queens Blvd.
Sunnyside, New York 11104
Telephone: 347 472-3500, ext. 1017
Fax: 347 472-3501

## II. SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216, and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

1

### III. PLAINTIFFS' CLAIMS

Plaintiffs' Complaint, filed on October 12, 2017, asserts four causes of action arising out of the Plaintiffs' employment in the Defendants' deli, Silo Cafe. Count 1 alleges that Defendants failed to compensate Plaintiffs for overtime worked at one and one-half times the Plaintiffs' regular rate of pay for each hour worked in excess of forty hours in violation of the Fair Labor Standards Act from October 12, 2011 through December 31, 2015. 29 U.S.C. § 207(a). Count 2 alleges that Defendants failed to pay overtime pay in violation of the New York Labor Law during the same period. 12 NYCRR § 142-2.2. Count 3 alleges that Defendants failed to furnish Plaintiffs a written notice containing the information required by New York Labor Law § 195(1)(a) on or before February 1, 2012, nor on or before February 1, 2013, nor on or before February 1, 2014. Count 4 alleges that Defendants failed to provide Plaintiffs with full and accurate paystubs each time Defendants paid wages to Plaintiffs throughout the duration of their employment. NYLL§ 195(3).

### IV. TRIAL

This is a bench trial. Plaintiffs will require approximately 2 days for their principal case, most of which will be presented through a Spanish interpreter. One witness will require a Korean interpreter.

### V. CONSENT TO MAGISTRATE JUDGE

The parties have not consented to trial by the magistrate judge.

### VI. WITNESS LIST

    A.    <u>Witnesses for Plaintiff.</u>

Plaintiffs intend to offer the testimony of Plaintiffs Esteban Perez, Felipe Galindo, and Delfino Lopez. Plaintiffs will also offer the testimony of Defendant Andrew Sung and witness, Minchul Kim.

## VII. DEPOSITION TESTIMONY

**Deposition of Andrew Sung, May 29, 2018**

| Page & Line | Summary | Claim |
|---|---|---|
| 25:6-8; 18-20 | Sung is sole owner and shareholder of 50 Food Corp | Individual liability |
| 155:15-25 | Sung implemented/created the payment reports used at 50 Food Corp. | Individual liability |
| 66:3-22 | Sung describes purpose of visits to 50 Food Corp. and review records | Individual liability |
| 70:5-25 | Manager Kim needs Sung's permission to give raises to employees | Individual liability |
| 71:2-25 | Manager Kim needed Sung's approval to give raises and to hire/fire employees | Individual liability |
| 75:1-16 | Sung advised Manager Kim to issue Plaintiff Galindo a warning | Individual liability |
| 83:14-25 | Sung instructed Manager Kim to discipline employees | Individual liability |
| 96: 22-25; 97: 2-19 | Sung makes final decision of when to close business | Individual liability |
| 140:8-25; 141:11-24 | Sung instructed Manager Kim to use weekly payment report document to track hours and payments | Individual liability |
| 149:5-15 | Sung instructed Manager Kim to fill out wage notices | Individual liability |
| 151: 3-21 | Sung authorizes pay rates | Individual liability |
| 152:12-16 | Sung authorizes all raises | Individual liability |
| 155:15-25 | Sung implemented the practice of using the same payroll records at both Silo Cafes. | Individual liability |
| 8:16-25 | Sung co-owned a landscape business for 25 years | Liquidated Damages |

3

| Page & Line | Summary | Claim |
|---|---|---|
| 10:3-25 | Sung was involved in preparing payroll, HR matters, and hiring employees for landscape business | Liquidated Damages |
| 12:12-25 | Sung also owned a book store on Long Island | Liquidated Damages |
| 22:6-13 | Sung also owns another café/deli that also goes by the name Silo Café ("32 Food Corp.") | Liquidated Damages |
| 158:11-25 | In 2007 or 2008, "32 Food Corp." was investigated by New York State Department of Labor (NYSDOL). Sung attended the hearing related to that case | Liquidated Damages |
| 169:9-18 | 32 Food Corp. manager attended seminar sponsored by NYSDOL | Liquidated Damages |
| 164:16-21 | In 2007/08, "32 Food Corp." settled case with NYSDOL for about $25,000.00 | Liquidated Damages |
| 144:9-25 | Sung had a conversation with an accountant about records he needed to keep and he told him about the need to keep pay notice | Liquidated Damages |
| 157:7-24 | "32 Food Corp." was investigated twice by NYSDOL | Liquidated Damages |
| 168:14-19 | A manager from "32 Food Corp." attended a conference at NYSDOL | Liquidated Damages |

**Depositions of Minchul Kim**

**June 25, 2018 30(b)(6) Deposition**

| Page & Line | Summary | Claim |
|---|---|---|
| 13:4-11 | Kim does not acknowledge overtime when a worker does not get authorization to work longer than scheduled hours or when employees are working slowly. | Overtime |
| 24:16-25 | Kim states that if employees worked later than 4 p.m. then they are lazy and he does not consider it over time. | Overtime |
| 31:15-22 | There were times when the workers received their pay but did not sign the weekly attendance record or weekly payment reports | Overtime |

4

| Page & Line | Summary | Claim |
| --- | --- | --- |
| 33: 1-10 | Kim states that less than 25 times during the course of Kim's employment that workers received pay without signing payment report or weekly attendance record. | Overtime |
| 35:13-25 | Kim only gave copies of payment weekly payment reports sometimes upon payment of wages. | Wage Notice/Statement |

## May 22, 2018 30(b)(6) Deposition

| Page & Line | Summary | Claim |
| --- | --- | --- |
| 18:21 - 19:8 | Sung trained Kim re: payroll including hourly rate and overtime rate | Individual liability |
| 19:9 - 19:11 | Sung told Manager Kim to have employees sign for pay every week | Individual liability |
| 19:12 - 19:18 | Sung set pay | Individual liability |
| 20:3 - 20:11 | Sung created payroll docs | Individual liability |
| 38:23 - 39:6 | Sung is sole owner of 50 Food Corp. | Individual liability |
| 41:17 - 41:19 | Sung decided when 50 Food Corp. would close | Individual liability |
| 50:20 - 51:4 | Sung set start and end times for employees | Individual liability |
| 51:7 - 51:9 | Sung set start and end times for employees | Individual liability |
| 53:3 - 53:5 | Sung instructed Manager Kim to track employees start and end times | Individual liability |
| 67:15 - 68:2 | Sung set policy for firing employees | Individual liability |
| 71:21 - 71:24 | Sung decided to give bonuses | Individual liability |
| 72:3 - 72:5 | Sung decided to give bonuses | Individual liability |
| 72:11 - 73:11 | Sung gave record keeping instructions | Individual liability |
| 81:11 - 81:18 | Some times employees signed pay sheets much later | Inaccurate records |
| 88:11 - 88:17 | Goal was to ensure employees received a weekly salary | Inaccurate records |
| 89:9 - 89:13 | Goal was to ensure employees received a weekly salary | Inaccurate records |
| 93:14 - 93:22 | Sung instructed Kim to use wage payment forms | Individual liability |
| 95:18 - 95:22 | Sung was in charge of payroll for first two years | Individual liability |
| 103:25 - 104:5 | Sung set rates of pay | Individual liability |
| 106:7 - 106:9 | Sung made the decision to issue raises | Individual liability |
| 106:10 - 106:18 | Sung kept payroll files | Individual liability |

5

| 114:17 - 114:19 | Kim had workers sign several weekly payment reports at once | Overtime/reliability of records |
|---|---|---|
| 115:17 - 115:21 | Plaintiffs signed several weekly payment reports at once | Overtime/reliability of records |
| 117:5 - 117:11 | Kim had workers sign several weekly payment reports at once on multiple occasions | Overtime/reliability of records |
| 130:6 - 130:9 | Sung had authority to instruct Plaintiff Perez | Individual liability |
| 132:9 - 132:13 | Salary increases were approved by Sung | Individual liability |
| 134:23 - 135:3 | Sung had authority to instruct Plaintiff Galindo | Individual liability |

**5/22/2018 Individual Deposition**

| Page & Line | Summary | Claim |
|---|---|---|
| 5:5 - 5:8 | Sung reports to 50 Food Corp. once a week or every other week | Individual liability |
| 8:7 - 9:2 | Manager Kim would get Sung's permission before firing employees | Individual liability |
| 22:2 - 22:8 | Kim concedes that Plaintiff Lopez receives a set weekly salary | Overtime |
| 23:23 - 24:2 | Sung instructed Kim to have employees sign paid sick leave forms | Individual liability |
| 27:7 - 27:10 | Sung decided to stop paying holidays | Individual liability |

## VIII. EXHIBITS

| Exhibit | Bate Stamp No. | Description |
|---|---|---|
| Exhibit A | P000130-P000139 | Documents from FOIL Request to New York State Department of Labor regarding the investigation of Silo Café, 32 Food Corp., owned by Defendant Andrew Sung |
| Exhibit B | P000002-3 | Wage Notices (Form LS54S) dated 4/29/15 and 7/6/16 signed by Felipe Galindo |
| Exhibit C | P000006 | Wage Notice (Form LS54S) dated 7/6/16 signed by Delfino Lopez |

| Exhibit D | None | Stipulation signed by parties dated March 29, 2018 |

Dated: September 20, 2018
       Queens, NY

BY:

_____/s/_____
Magdalena Barbosa
mbarbosa@catholicmigration.org
Alice Davis
adavis@catholicmigration.org
Catholic Migration Services
47-01 Queens Blvd.
Sunnyside, New York 11104
*Attorneys for Plaintiffs*

SO ORDERED

_____
The Honorable Richard J. Sullivan