UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ESTEBAN PEREZ, FELIPE GALINDO, and                    17-CV-7837
DELFINO LOPEZ,
                          Plaintiffs,

            -against-

50 FOOD CORP. (D/B/A SILO CAFÉ) and
ANDREW SUNG (AKA HWAN SEUNG SUNG),
                          Defendants.
-----------------------------------------------------------------x

## PLAINTIFFS' PROPOSED FINDINGS OF FACTS AND LAW

Pursuant to the Court's Order of October 1, 2018, Plaintiffs hereby submit their Proposed
Findings of Fact and Conclusions of Law.

## PRELIMINARY STATEMENT

Plaintiffs, having obtained a default judgment as to liability, seek damages, attorneys' fees, and
costs against Defendants 50 Food Corp. and Andrew Sung (collectively Defendants).  On
September 17, 2018, Judge Sullivan ordered that a default judgment be entered against 50 Food
Corp.  On September 27th, Judge Sullivan ordered that a default judgment be entered against
Andrew Sung and referred this case to Magistrate Judge Barbara Moses for an inquest as to
damages, attorneys' fees, and costs. In support of Plaintiffs' request, Plaintiffs submit their own
affidavits, attached hereto as **Exhibit B** (Affidavit of Esteban Perez), **Exhibit C** (Affidavit of
Felipe Galindo), and **Exhibit D** (Affidavit of Delfino Lopez), the certification of Plaintiffs'
counsel, and exhibits attached hereto.

## PROPOSED FINDINGS OF FACTS

The facts alleged in the Complaint are admitted as a result of Defendants' default, except as to
damages. Liu v. Jen Chu Fashion Corp., No. 00 Civ. 4221 RJH AJP, 2004 WL 33412, at *1

(S.D.N.Y. Jan. 7, 2004) (Peck, M.J.); <u>Chen v. Jenna Lane</u>, 20 F. Supp.2d 622, 623 (S.D.N.Y. 1998). A copy of the Complaint is attached to the Declaration of Magdalena Barbosa ("Barbosa Decl.") as Exhibit A.

1. Plaintiffs were former employees of the corporate entity, 50 Food Corp., which does business as "Silo Café".  Perez Aff. ¶ 2; Galindo Aff. ¶ 3 and 4; Lopez Aff. ¶ 2.

2. Plaintiffs brought this action against Defendants 50 Food Corp. ("Silo Café) and its owner, Andrew Sung (collectively "Defendants") for unpaid overtime and failure to provide a wage notice and statements in violation of the New York Labor Law. See Compl. ¶ 1.

3. Plaintiff Esteban Perez ("Perez") was employed by Silo Café from approximately September or October of 2009 through in or about October 2017. Perez Aff. ¶ 2, 24.

4. Plaintiff Felipe Galindo ("Galindo") was employed by Defendants at both of Sung's businesses known as Silo Café since September 2009, and has been employed by 50 Food Corp. from winter of 2013 through the present. Affidavit of Plaintiff Felipe Galindo (hereinafter "Galindo Aff.") ¶¶ 2, 3, 4.

5. Plaintiff Delfino Lopez ("Lopez") was employed by Silo Café from September 2009 through in or about October 2017. Affidavit of Plaintiff Delfino Lopez (hereinafter "Lopez Aff.") ¶¶ 2, 28.

6. At all times relevant to Plaintiffs' claims, 50 Food Corp. was Plaintiffs' "employer" within the meaning of Section 2(6), 190(3), and 651(6) of the New York Labor Law ("NYLL") and of the FLSA, 29 U.S.C. § 201 et. seq. See Compl. ¶15. (see also Exhibit I)

7. At all times relevant herein, Defendant Andrew Sung was Plaintiffs' employer within the meaning of the FLSA and New York Labor Law. See Compl. ¶12-13.

8.    Upon hire, Plaintiffs were promised a weekly salary. Galindo Aff. ¶ 9; Lopez Aff. ¶ 4; Perez
      Aff. ¶ 4.

9.    Upon hire in September 2009, Perez earned $450 per week.  Beginning in 2014, he made
      $480 per week and in late 2015 he earned $500 per week, which was his final pay rate. Perez
      Aff. ¶¶ 4, 8, 9.

10.   Upon hire in September 2009, Galindo earned $480 per week, which was raised to $500 per
      week in 2015, $520 per week in 2016, and $550 per week in fall 2017, which is his current
      rate of pay. Galindo Aff. ¶ 10.

11.   Upon hire in April of 2009, Lopez earned $450 per week. In fall of 2014, he began receiving
      $480 per week. He began receiving $500 per week in September of 2017, which was his final

12.   Throughout the relevant time period, from the beginning of Plaintiffs' employment to January
      1, 2016, Plaintiffs typically from 6:00 a.m. through 4:00 p.m. from Monday through Friday,
      which amounts to 50 hours per week. Perez Aff. ¶¶ 5, 11; Galindo Aff. ¶¶ 13, 14; Lopez Aff.
      ¶¶ 12, 13.

13.   Plaintiffs typically took a half hour lunch break each day. Galindo Aff. ¶ 14; Lopez Aff. ¶ 14;
      Perez Aff. ¶ 12.

14.   In 2016, Plaintiffs' hours were cut to 40 hours per week. Perez Aff. ¶¶ 15, 16; Galindo Aff. ¶¶
      15, 16; Lopez Aff. ¶¶ 20, 21.

15.   Wage notices were provided to Plaintiffs on April 29, 2015 and July 6, 2016. Perez Aff. ¶ 22;
      Galindo Aff. ¶ 23; Lopez Aff. ¶ 27.

16.   Prior to April 2015, Defendants never provided a wage notice to Plaintiffs for their review
      and signature. Perez Aff. ¶¶ 10, 22; Galindo Aff. ¶¶ 12, 23; Lopez Aff. ¶ 27.

17. Plaintiffs were not provided a wage notice upon hire nor at the time they was a change in their wage rates. Perez Aff. ¶¶ 6, 8, 9, 10; Galindo Aff. ¶¶ 10, 12; Lopez Aff. ¶¶ 18, 27.

18. Throughout the period of Plaintiffs employment, Defendants failed to provide Plaintiffs with wage statements that included statutorily required information such as Plaintiffs rate of pay and basis thereof, regular hourly rate of pay; the overtime rate of pay; the number of regular hours worked; and the number of overtime hours worked.  Perez Aff. ¶¶ 17,18, 20; Galindo Aff. ¶¶17, 18, 19; Lopez Aff. ¶¶ 22, 23, and 25.

## CONCLUSIONS OF LAW

### I.    DEFAULTING DEFENDANTS HAVE VIOLATED PLAINTIFFS'S RIGHTS UNDER FEDERAL AND STATE LAW

#### A. Defendants Are Liable to Plaintiff for the Violations that Plaintiffs Allege

"When a default judgment is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Garden City Boxing Club, Inc. v. Perez & El Vitalina Rest., No. 05 Civ. 3713, 2006 WL 2265039, at * 3 (E.D.N.Y. Aug. 8, 2006) (citing Greyhound Exhibitroup, Inc. E.L.U.L. Realty Corp., 973 F.2d 15, 158 (2d Cir. 1992)). See Pitbull Prods., Inc. v. Universal Netmedia., Inc. No. 07 Civ 1784 (RMB) (GWG), 2007 WL 3287368, at * 1 (S.D.N.Y. Nov. 7, 2007) ("in light of defendants' default, [plaintiff's} properly-pleaded allegations, except those relating to damages, are accepted as true").

#### B. Defendants Have Violated Overtime Law

During the relevant time period, Plaintiffs worked over forty hours per week, and are thus entitled to overtime wages pursuant to 29 U.S.C. § 207(a) and 12 NYCRR §142-2.2.  The FLSA and NYLL implementing regulations require employers to pay employees an overtime rate of at

least one and one-half times their regular rate of pay for any hours over forty in a workweek. *See* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.5; N.Y. Lab. Law § 652; 12 N.Y.C.R.R. § 146-1.4 (Jan. 1, 2011); 12 N.Y.C.R.R. § 137-1.3 (July 24, 2009).

The regular rate of pay is "the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945). Under the FLSA, the regular rate of pay is typically determined by "dividing the employee's weekly compensation by the number of hours for which that compensation is intended." *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 338 (S.D.N.Y. 2005) (quoting *Keun-Jae Moon*, 248 F. Supp. 2d at 230). Defendants are liable for all damages accruing under the FLSA from October 12, 2014, through the present. See 29 U.S.C.§ 255(a) (two-year statute of limitations, running form the date the cause of action accrued; three years statute of limitations where violation is willful). Defendants are liable for all damages accruing under the NYLL from October 12, 2011 through the present. N.Y. La. Law §198(3) (six-year statute of limitations), id. § 663(3) (same). Each Plaintiff is entitled to compensatory damages totaling the one half extra for each overtime hour worked. 29 C.F.R. § 778.113 addresses the receipt of a fixed salary for a fixed number of hours per week. Where the hours and salary remain fixed, the regular rate is determined by dividing the salary by the number of hours worked per week.  All hours are considered to have been compensated for at the regular rate, so that only the overtime premium (i.e. the one half extra for each overtime hour) is due.

### C. Defendants have violated the New York Labor Law by failing to provide detailed wage statements to Plaintiffs

The NYLL requires employers to provide detailed wage statements to employees, which much list (1) the dates of the work covered by the payment of wages; (2) the names of the employee and employer; (3) the address and phone number of the employer; (4) the rate of pay

and basis thereof; and (5) any allowances claimed. See N.Y. Lab. Law § 195(3). Throughout their employment, Defendants failed to provide Plaintiffs with detailed wage statements, in violation of NYLL § 195(3). As a result, Plaintiffs are entitled to recover damages of $250 for each workday that violations occurred, up to $5,000.00 each, together with costs and reasonable attorney's fees. See N.Y. Lab. Law § 198 (1-d).

Plaintiff Perez worked for Defendants from September or October of 2009 through October 2017 and never received a statement with any payment of wages. *See* Perez Aff. ¶2. Defendants' violations continued throughout his employment, including the approximately 311 weeks that he worked from October 12, 2011 (the start date of the covered period) to the date his employment ended on October 1, 2017. Thus, he is entitled to the statutory maximum of $5,000.00.

Plaintiff Galindo worked for Defendants from "winter of 2013" and his work for Defendants continues (see Galindo Aff ¶ 3-4). He has never received a statement with any payment of wages. *See* Galindo Aff. 13-14. Thus, he is entitled to the statutory maximum of $5,000.00.

Plaintiff Lopez worked for Defendants from April 2009 through October 3, 2017. See Lopez Aff. ¶ 2, 28. Throughout the applicable period, he never received a statement with any payment of wages. *See* Lopez Aff. ¶ 25. Defendants' violations continued throughout his employment, including the approximately 311 weeks that she worked from October 12, 2011 (the effective date of the private right of action and statutory penalty) to the date that this employment ended. Thus, he is entitled to the statutory maximum of $5,000.00.

## II.    PLAINTIFFS ARE ENTITELD TO LIQUDIATED DAMAGES AND PRE-JUDGEMNET INTEREST

Plaintiffs are also entitled to liquidated damages. Liquidated damages are available under the NYLL "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y. Lab. Law §§ 198(1-a), 663(1). The burden for establishing a good faith basis here is substantially the same as the one Defendants face under the FLSA. *See Inclan v. N.Y. Hosp. Grp., Inc.,* 95 F. Supp. 3d 490, 505 (S.D.N.Y. 2015) ("[C]ourts have not substantively distinguished the federal standard from the current state standard of good faith.'").[1] On April 9, 2011, amendments implementing the Wage Theft Prevention Act ("WTPA") provisions went into effect increasing the amount of liquidated damages available to workers who prevail in civil actions to recover underpayments under the NYLL from 25 percent to 100 percent of the total unpaid wages. N.Y. Law. Law §§ 198(1-a), 663(1) (Apr. 9, 2011). Defendants are liable for liquidated damages for their violations of the NYLL during the period from October 12, 2011 through January 1, 2016. Each Plaintiff is entitled to recover liquidated damages under the NYLL equivalent to one hundred percent of their unpaid overtime wages.

In addition to liquidated damages, Plaintiffs are entitled to prejudgment interest for violations of the NYLL. N.Y.C.P.L.R. §5001(a) (2013); N.Y. Lab. Law § 663(1); *Reilly v. NatWest Mkts. Grp. Inc.,* 181 F.3d 253, 265 (2d Cir. 1999). When damages occur at different times, it is proper to utilize "a single reasonable intermediate date." N.Y.C.P.L.R. §5001(b). Courts awarding interest for the NYLL violations utilize the midpoint accrual of . . . damages to

---

[1] Plaintiffs are also entitled to liquidated damages under the FLSA. 29 U.S.C. § 216(b). However, Plaintiffs are not entitled to collect liquidated damages under both the FLSA and the NYLL. *Muhammed Chowdhury v. Hamza Express Food Corp.,* 666 F. App'x 59, 60 (2d Cir. 2016) Plaintiffs therefore seek only liquidated damages under the NYLL.

calculate interest." *Doo Nam Yang*, 427 F. Supp. 2d at 342. "[C]ourts do not award statutory prejudgment interest on any portion of their recovery for which liquidated damages were awarded under the FLSA." *Tackie v. Keef Enters. LLC*, No. 14 –CV-2074 (JPO), 2014 WL 4626229, at *5 (S.D.N.Y. Sept. 16, 2014).

## III.   PLAINTIFFS ARE ENTITLED TO HAVE DEFENDANTS PAY REASONABLE ATTORNEYS' FEES AND COSTS

Prevailing plaintiffs are entitled to have the defendants pay reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Reasonable rates "should be based on 'rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" *Spain v. Kinder Stuff 2010 LLC*, No. 14-CV-2058, 2015 WL 5772190, at *8 (E.D.N.Y. September 29, 2015) (citing *Cruz v. Local Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994)). Public interest attorneys are also entitled to recover fees and costs. See, e.g., *Heng Chan*, 2007 WL 1373118, at *2-3; *Keu-Jae Moon v. Joon Gab Kwon*, 99 Civ. 11810, 2002 U.S. Dist. Lexis 21775, at *24 (S.D.N.Y. Nov. 8, 2002).

Catholic Migration Services is a non-profit organization that provides direct legal services in the areas of immigration, housing, and employment law to low-income individuals in New York City. The CMS attorney with primary responsibility for this case is Magdalena Barbosa, whose declaration is attached. Ms. Barbosa has over ten years of experience in litigation in cases involving unpaid wages. (Barbosa Decl.¶ 15 ) Ms. Barbosa worked 76.7 hours on this matter. (Barbosa Decl. ¶ 17). Plaintiffs seek $300 per hour for the time of Magdalena Barbosa for an amount totaling $23,010.00.[2]

This hourly rate is appropriate, see *Trinidad v. Pret a Manger (USA), Ltd.*, No. 12 Civ. 6094 (PAE) , 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014) (in FLSA restaurant case,

---

[2] Plaintiffs have also incurred expenses, see Barbosa Decl. ¶ 18.

approving rate of $400 per hour for partner, and noting that typical attorneys' fees in FLSA cases in the Southern District range from $300 to $400 per hour; *Yuquilema v. Manhattan's Hero Corp.*, No. 13-CV-461 WHP JLC, 2014 WL 4207106, at *14 (S.D.N.Y. Aug. 20, 2014) (Cott, M.J.) (in FLSA case, awarding rates of $425 for partner and $300 for associate), report and rec. adopted, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014); *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216 (RLE), 2014 WL 3778173, at * 15 (S.D.N.Y. July 31, 2014) (approving rates in wage and hour class action of $125 for law clerks, $250 for associates, and $425 for partners); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC) , 2012 WL 3878144, at * 4 (S.D.N.Y.  Aug. 6, 2012), aff'd, 519 F. App'x 1 (2d Cir. 2013)  (awarding in FLSA case hourly rates of between $450-$550 for partners and $275-$300 for associates, and $125 for paralegals); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514 (S.D.N.Y.  2011) (in FLSA case, approving hourly rates of $450 for partner, $300 and $275 for associates, and $100 for paralegals).

IV.    **TOTAL DAMAGES AND FEES SOUGHT BY PLAINTIFFS**

In summary, Plaintiffs seek damages and attorneys' fees in the following amounts:

| | |
|---|---|
| Unpaid Wages | $19,794.48 |
| Wage Statement Damages | $15,000.00 |
| Liquidated Damages Under the NYLL | $19,794.48 |
| Pre-Judgment Interest | $8,331.55 |
| Attorneys' Fees | $23,010.00 |
| Costs | $870.00 |
| TOTAL | **$86,800.51** |

Dated:      Queens, New York
             October 19, 2018

Respectfully Submitted,
CATHOLIC MIGRATION SERVICES

By: _Magdalena_ *ne*

Magdalena Barbosa
47-01 Queens Blvd.
Sunnyside, New York 11104
(347) 472-3500, ext. 1017
(347) 472-3501 (fax)