# EXHIBIT A

Magdalena Barbosa
Alice Davis
Catholic Migration Services
47-01 Queens Boulevard, Suite 203
Sunnyside, New York 11104
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ESTEBAN PEREZ, FELIPE GALINDO, and
DELFINO LOPEZ,
                Plaintiffs,

                                                    **COMPLAINT**

   -against-

50 FOOD CORP. (D/B/A SILO CAFÉ) and
ANDREW SUNG (AKA HWAN SEUNG SUNG),
                Defendants.
----------------------------------------------------------------x

Plaintiffs, by their undersigned attorneys, hereby complain of Defendants as follows:

       1. This is an action to redress violations of Plaintiffs' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL") and regulations promulgated thereunder. Said violations arose from, *inter alia*, (a) Defendants' failures to pay Plaintiffs overtime compensation at one and one-half times their respective regular rates of pay for time worked per week in excess of forty (40) hours; (b) Defendants' failures to issue wage notices in violation of NYLL § 195(1)(a); and (c) Defendants' failures to furnish each Plaintiff with a statement, with every payment of wages to the Plaintiff, listing the information pertaining to that payment and to the employer, the furnishing of which was/is required by NYLL § 195(3).

       2. Plaintiffs' causes of action arise under FLSA Section 16(b), 29 U.S.C. § 216(b), NYLL §§ 198(1-a), 198(1-b), 198[(1-c)], 198(1-d), 663(1), and the Declaratory Judgment Act, 28 U.S.C. 2201-2202.

3. This Court has jurisdiction of Plaintiffs' federal causes of action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337. The Court has supplemental jurisdiction of Plaintiffs' causes of action under New York law pursuant to 28 U.S.C. § 1367 because the state claims are so related to the FLSA claims that they form part of the same case or controversy within the meaning of Article III of the U.S. Constitution.

4. Venue lies in the Southern District of New York because (a) a substantial part of the events and omissions giving rise to Plaintiffs' claims, including but not limited to Plaintiffs' performance of work for Defendants and Defendants' failures to pay Plaintiffs the wages and overtime compensation due to them by law.

## PARTIES

5. ESTEBAN PEREZ was employed by Defendants beginning in or about November 2009 through the present, and that employment is continuing.

6. FELIPE GALINDO was employed by Defendants beginning in or about September 2009 through the present, and that employment is continuing.

7. DELFINO LOPEZ was employed by Defendants beginning in or about April 2009 through the present, and that employment is continuing.

9. Plaintiffs' responsibilities include making salads, preparing sandwiches and other food items, and cleaning the premises.

10. At all times during which each Plaintiff worked for Defendants, each Plaintiff was an employee within the meaning of FLSA Section 3(e), 29 U.S.C. § 203(e), who was engaged in commerce or in the production off goods for commerce, and was employed by Defendants within the meaning of FLSA Section 3(g), 29 U.S.C. § 203(g). At all such times, each Plaintiff was also an employee within the meaning of NYLL §§ 190(2) and 651(5) and was

2

employed and permitted to work by Defendants within the meaning of NYLL §§ 2(7) and 651(5).

11. On information and belief, ANDREW SUNG (AKA HWANG SEUNG SUNG) was and remains the principal owner and officer of 50 FOOD CORP. and the principal director of its board of directors.

12. At all times relevant herein, SUNG was and remains an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), employed each Plaintiff within the meaning of FLSA Section 3(g), 29 U.S.C. § 203(g), was an employer within the meaning of NYLL §§ 190(3) and 651(6) and employed each Plaintiff and permitted each Plaintiff to work within the meaning of NYLL §§ 2(7) and 651(5).

13. At all times relevant herein, SUNG had and continues to have the authority to fire each Plaintiff, determine the days and hours worked by each Plaintiff, the tasks performed by each Plaintiff, the rate(s) at which each Plaintiff was compensated, and the amount(s) of compensation paid to each Plaintiff.

14. At all relevant times, 50 FOOOD CORP. was and continues to be a for-profit corporation incorporated in the State of New York which owned and operated Silo Café located at 805 Third Avenue, New York, New York 10022. At all times relevant herein, 50 FOOD CORP. was an enterprise within the meaning of 29 U.S.C. §203(r) that engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203 (s)(1), in that it (a) has had an annual gross volume of sales of not less than $500,000.00 at all times relevant to this action; and (b) has had employees working with and/or selling goods and materials that have been shipped into this state from other states.

3

15. At all times relevant herein, 50 FOOD CORP. was and remains an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), employed Plaintiffs PEREZ, GALINDO, and LOPEZ within the meaning of FLSA Section 3(g), 29 U.S.C. § 203(g), was an employer within the meaning of NYLL §§ 190(3) and 651(6) and employed each Plaintiff and permitted Plaintiffs PEREZ, GALNDO, and LOPEZ to work within the meaning of NYLL §§ 2(7) and 651(5). 50 FOOD CORP. hired Plaintiffs PEREZ, GALINDO, and LOPEZ to work at Silo Cafe. 50 FOOD CORP. (a) had the power to fire Plaintiffs PEREZ, GALINDO, and LOPEZ, (b) determined the days and hours they worked, the tasks they performed, the rate(s) at which they were compensated and the amount(s) of compensation paid to them, and (c) supervised their work.

### FIRST CAUSE OF ACTION (FLSA OVERTIME COMPENSATION)

16. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

17. Each Plaintiff regularly worked more than forty hours for Defendants from the beginning of their employment with Defendants through in or about the end of 2015.

18. PEREZ worked for Defendants for approximately 50 hours per week from the beginning of his employment in or about November 2009 through on or about December 31, 2015. From in or about October 2011 through in or about June 2015, PEREZ earned $9.60 per hour. From in or about July 2015 through on or about December 31, 2015, PEREZ earned $10.00 per hour.

19. GALINDO worked for Defendants for approximately 50 hours per week from the beginning of his employment in or about September 2009 through on or about December 31, 2015. From in or about October 2011 through in or about April 2012, Galindo earned $9.60 per

4

hour. From in or about May 2012 through on or about December 31, 2015, GALINDO earned $10.70 per hour.

20. LOPEZ worked for Defendants for approximately 50 hours per week from the beginning of his employment in or about April 2009 through on or about December 31, 2015. From in or about October 2011 through on or about December 31, 2015, LOPEZ earned $9.00 per hour.

21. Prior to on or about December 31, 2015, each Plaintiff regularly worked more than forty hours for Defendants, yet Defendants failed to compensate Plaintiffs for overtime worked at one and one-half times the Plaintiffs' regular rate of pay for each hour worked in excess of forty hours.

22. Defendants thereby violated § 207(a). Said violations of 29 U.S.C. § 207(a) were willful within the meaning of 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION (NYLL OVERTIME COMPENSATION)

23. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

24. Prior to on or about December 31, 2015, each Plaintiff regularly worked more than forty hours for Defendants, yet Defendants failed to compensate Plaintiffs for overtime worked at one and one-half times the Plaintiffs' regular rate of pay for each hour worked in excess of forty hours.

25. Defendants thereby violated and continue to violate 12 NYCRR § 142-2.2. Said violations of § 142-2.2 were and continue to be willful within the meaning of NYLL § 663(1).

## SEVENTH CAUSE OF ACTION (NYLL NOTICE REQUIREMENTS)

26. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

27. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

28. Defendants never provided Plaintiffs, on or before February 1, 2012 nor on or before February 1, 2013, nor on or before February 1, 2014, written notice containing the information required by New York Labor Law § 195(1)(a)(amended on December 29, 2014).

29. Defendants' violations continued throughout Plaintiffs' employment.

30. Due to Defendants' violations, Plaintiffs are entitled to recover statutory damages for each work week that the violations occurred or continued to occur, together with costs and reasonable attorney's fees, and any other relief that the court deems necessary and appropriate.

## EIGHTH CAUSE OF ACTION (NYLL STATEMENT REQUIREMENT)

31. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

32. Throughout Plaintiffs' respective employments by Defendants, Defendants failed to furnish to any Plaintiff a statement, with every payment of wages, a statement listing the following: the dates of work covered by that payment of wages; the name of the employee; the name of each employer; the address and phone number of each employer; the rate(s) of pay and basis thereof; gross wages; deductions; allowances, if any, claimed as part of the New York minimum wage; and net wages; the overtime rates of pay; the number of regular hours worked, and the number of overtime hours worked.

33. Defendants thereby violated NYLL § 195(3).

## RELIEF

WHEREFORE, Plaintiffs hereby seek the following relief:

A. Judgment in favor of each Plaintiff and against Defendants, jointly and severally, in the amount of the unpaid overtime compensation due to the Plaintiffs pursuant to the FLSA and an additional equal amount as liquidated damages;

B. Judgment in favor of each Plaintiff and against Defendants, jointly and severally, in the amount of the unpaid overtime compensation due to the Plaintiffs pursuant to the NYLL and regulations promulgated thereto, and an additional award as liquidated damages in the amount of 100% of the unpaid overtime compensation due to the Plaintiffs under New York law;

C. Awarding Plaintiffs damages due to notice violations under the NYLL;

D. Pre-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

CATHOLIC MIGRATION SERVICES

*Magdalena Barbosa*

By: Magdalena Barbosa
Alice Davis
47-01 Queens Boulevard, Suite 201
Sunnyside, New York 11104
Phone: 347-472-3500
Fax: 347-472-3501

Attorneys for Plaintiffs